IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREG NULMAN and<br>TATYANNA KNYAZHESKY, | :<br>:<br>: |
| Plaintiffs, | :<br>: |
| v. | :    CIVIL ACTION NO. 2:09-cv-01503-JF |
| MONEY WAREHOUSE, INC. and<br>COUNTRYWIDE HOME LOANS, INC. | :<br>:<br>: |
| Defendants. | : |

## ORDER

AND NOW, this ___ day of _____, 2010, upon consideration of Plaintiffs' Motion for Leave to File a Second Amended Complaint, and the response of Defendant Countrywide Home Loans, Inc. thereto, it is hereby ORDERED that the Motion is DENIED.

BY THE COURT:

_____
John P. Fullam, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREG NULMAN and<br>TATYANNA KNYAZHESKY,<br><br>   Plaintiffs,<br><br>   v.<br><br>MONEY WAREHOUSE, INC. and<br>COUNTRYWIDE HOME LOANS, INC.<br><br>   Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:   CIVIL ACTION NO. 2:09-cv-01503-JF<br>:<br>:<br>:<br>:<br>:<br>: |

**MEMORANDUM OF LAW OF DEFENDANT
COUNTRYWIDE HOME LOANS, INC. IN OPPOSITION
TO PLAINTIFFS' MOTION FOR LEAVE TO FILE
A SECOND AMENDED COMPLAINT**

Defendant Countrywide Home Loans, Inc. ("CHL"), by its undersigned counsel, respectfully submits this memorandum of law in opposition to plaintiffs' motion for leave to file a second amended complaint.

## I.   INTRODUCTION

Plaintiffs have been on notice *for seven months* that Countrywide Bank, FSB (n/k/a Bank of America, NA) ("Countrywide Bank"), and not CHL, is the holder of their loan. Yet, plaintiffs have chosen to wait until now – after the close of discovery, after the filing of CHL's pending motion for summary judgment, and days before their response to the summary judgment motion was due – to seek leave to amend to add Countrywide Bank as a defendant in this case. There is no excuse for plaintiffs' failure to seek leave to amend sooner, and, indeed, plaintiffs do not even try to advance any excuse. Plaintiffs' motion for leave to amend is obviously a last-ditch tactic to try to circumvent CHL's pending summary judgment motion, and to delay the disposition of this case.

The law, however, does not countenance plaintiffs' strategy. This Court has specifically held that unexplained delay in the filing of a motion for leave to amend – such as plaintiffs' delay here – is grounds for denial of the motion. This Court also has held that motions for leave to amend filed during the pendency of a summary judgment motion – like CHL's pending summary judgment in the instant case – are highly disfavored. In addition, leave to amend should be denied when amendment would be futile, and plaintiffs' proposed amendment here would be futile for a number of reasons.

## II.  RELEVANT BACKGROUND

On April 7, 2009, plaintiffs filed their original complaint in this action, asserting claims based on a mortgage loan that plaintiffs received from defendant Money Warehouse, Inc. Plaintiffs allege a claim for rescission under the federal Truth in Lending Act ("TILA"), and a claim under the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"). Plaintiffs assert these claims against CHL based on plaintiffs' contention that CHL was assigned and currently holds their loan.

On July 30, 2009, plaintiffs filed an amended complaint, which CHL answered on August 28, 2009. On the very first page of its Answer, CHL stated as follows:

> [CHL] never held the plaintiffs' loan. To the contrary, it only serviced the loan. The loan is presently held by Countrywide Bank, FSB n/k/a Bank of America, National Association.

(CHL Answ. ¶ 5) (Doc. 8.) Later in its Answer, CHL repeated these allegations as an affirmative defense to plaintiffs' claims. (CHL Aff. Def. ¶ 10).

The parties then proceeded to discovery, during which they exchanged documents and took a number of depositions. Under the stipulated February 8, 2010

scheduling Order, discovery ended on February 26, 2010. (Doc. 14.) In accordance with the scheduling Order, CHL then filed a motion for summary judgment on March 12, 2010. (Doc. 17.) Part of CHL's grounds for summary judgment on plaintiffs' TILA claim is that CHL cannot have any TILA liability because CHL does not hold, and never has held, plaintiffs' loan. (CHL S.J. Mem. pp. 6 - 7).

On March 29, 2010, just four days before their response to CHL's summary judgment motion was due, plaintiffs filed the instant motion for leave to amend to add Countrywide Bank as a defendant to this case. (Doc. 18.)

### III. ARGUMENT

As this Court has explained, a court may consider the following factors in deciding whether to grant leave to amend: "(1) undue delay; (2) bad faith or dilatory motive on movant's part; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party by virtue of the amendment; and (5) futility of the amendment." *Prescod v. Bucks County*, 2009 U.S. Dist. LEXIS 102305, at *12 (E.D. Pa. Nov. 2, 2009) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Here, multiple factors dictate the denial of plaintiffs' motion for leave to amend.

### A. Plaintiffs Have Offered No Explanation For Their Failure To Move To Amend Sooner, Which Warrants The Denial Of Their Motion

"'[A]t some point, the delay'" in seeking leave to amend will "'become 'undue,' placing an unwarranted burden on the court, or will become 'prejudicial,' placing an unfair burden on the opposing party.'" *Odyssey Waste Services, LLC v. BFI Waste Sys. Of North Am., Inc.*, 2006 U.S. Dist. LEXIS 63861, at *4 (E.D. Pa. Sept. 6, 2006) (quoting *Cureton v. NCAA*, 252 F.3d 267, 273 (3d Cir. 2001)). "The question of

whether undue delay should prevent leave to amend from being granted focuses on the moving party's reasons for not amending sooner." *Id.*

Here, plaintiffs have advanced no reason – much less any justifiable one – for seeking to add Countrywide Bank as a defendant *seven months after* CHL's disclosure in its Answer that Countrywide Bank, and not CHL, is the holder of plaintiffs' loan. In the meantime, fact discovery closed in this action, and CHL filed a motion for summary judgment.

In circumstances virtually identical to those here, this Court and others have repeatedly rejected motions for leave to amend. *See, e.g., Odyssey Waste Servs., LLC v. BFI Waste Sys. of North Am., Inc.*, 2006 U.S. Dist LEXIS 63861, *10 (E.D. Pa. Aug. 31, 2006) (denying plaintiff's motion to add existing defendant's parent company as new defendant when plaintiff "had been in possession of all of the information it deemed necessary to file its Motion to Amend" for at least one month before motion was filed); *Mash v. Township of Haverford*, 2007 U.S. Dist. LEXIS 36946, at *5 (E.D. Pa. May 18, 2007) (denying motion filed two weeks after close of discovery that sought to add new defendants, reasoning that plaintiff "has not set forth any reasons addressing why" mistaken omission of proposed defendants "could not have been identified and remedied prior to this late date"); *In re Madera*, 2008 U.S. Dist. LEXIS 25864, at *40 (E.D. Pa. Mar. 26, 2007) (denying motion for leave to amend, including to add new defendant, when plaintiffs "were well aware of the basis of the proposed amendments far in advance of the deadline to file all pre-trial motions," but "[o]nly after all discovery had been completed, including the depositions of both [plaintiffs], and when facing a well-founded (and ultimately meritorious) motion for summary judgment did [plaintiffs] seek to amend

their Complaint"); *Prescod v. Bucks County*, 2009 U.S. Dist. LEXIS 102305, at * 17 (E.D. Pa. Nov. 2, 2009) ("Plaintiffs insist that the delay in the filing of the motion to amend was the result of evidence and testimony obtained at the evidentiary hearing in September 2008" but denying motion to amend because plaintiffs "fail to explain why they waited until February 2009 to seek an amendment"). *Accord Revell v. Port Auth. of New York & New Jersey*, 2007 U.S. Dist. LEXIS 62873, **17-18 n.5 (D. N.J. Aug. 24, 2007) (denying motion to add new defendant that was filed one month after close of fact discovery, when plaintiff "waited four months" after learning at deposition of proposed new defendant's involvement in case before plaintiff filed motion for leave to amend). The same result should obtain here.

Not only does unexplained delay in seeking amendment in and of itself constitute a reason for denying a motion for leave to amend, but undue delay in seeking to add a new defendant additionally leads to undue prejudice to the proposed defendant sought to be added. As this Court in *Odyssey* explained, "[s]ubstantial or undue prejudice has been found and amendment denied '. . . where the motion for leave was filed months after the factual basis of the amendment was discovered by the moving party." 2006 U.S. Dist LEXIS 63861, at *5 (quoting *Cummings v. City of Philadelphia*, 2004 U.S. Dist. LEXIS 9030, at *11 (E.D. Pa. Apr. 26, 2004)). The *Odyssey* court further explained that the plaintiff's proposed amendment to add the existing defendant's parent company (Allied) as a new defendant would unduly prejudice Allied as follows:

> [T]he substantial prejudice which would result if Allied were added as a defendant is manifest. Allied's participation up to this point has been as a non-party, and it is well-settled that parents and subsidiaries are presumed to be separate legal entities. *Mellon Bank, N.A. v. Metro Communications, Inc.*, 945 F.2d 635, 643 (3d Cir. 1991).

> To what extent Allied has defended Mr. Ringgold and BFI in this action and whether its representatives attend depositions, is of no moment to Allied's entitlement, if added as a defendant, to the fulsome discovery allowed to every defendant called into court. Allied has been unable to participate in the discovery process as a named defendant, and the Court seriously questions whether it is possible for Allied, a non-party heretofore, to conduct meaningful discovery at this late stage. The issue is not, as Odyssey would like to paint it, whether Allied should or should not be "surprised" by its proposed addition as a defendant. Rather, it is a question of prejudice, and, here, the prejudice to Allied would be substantial because it could not be expected to file a dispositive motion and/or proceed to trial on the issues at any time in the near future.

*Id.* at **13-14.

Likewise, here, Countrywide Bank would be prejudiced were it added to the case at this late date. Indeed, Countrywide Bank, as an entity separate from CHL with a different role in the underlying events from that of CHL, potentially could have its own unique defenses to plaintiffs' claims. Yet, Countrywide Bank has had no opportunity to conduct discovery, file a dispositive motion, or prepare for trial.[1]

For that reason as well, plaintiffs' unexplained seven-month delay in seeking amendment warrants the denial of plaintiffs' motion.

---

[1] Even were the Court to allow plaintiffs to add Countrywide Bank, but then reopen discovery and extend the case management schedule, prejudice, in that event, would result to CHL, as the existing defendant, which has already been through discovery, and has expended time and resources preparing and filing its pending motion for summary judgment. *See Revell*, 2007 U.S. Dist LEXIS 62873, at *19 (D. N.J. Aug. 24, 2007) (amendment to add new defendant would unduly prejudice existing defendants, reasoning that, were amendment permitted, "the proceedings would inevitably be delayed because the parties would seek to reopen discovery and this would lead to unexpected expense and unnecessary and prejudicial delay . . . in a case in which amendment could have been sought before . . . the fact discovery deadline had passed.").

### B. Plaintiffs' Motion Also Should Be Denied Based On The Pendency Of CHL's Summary Judgment Motion

In fact, just the pendency of CHL's motion for summary judgment alone provides grounds for the denial of plaintiffs' motion. Whether analyzed under the factors of undue delay, undue prejudice, or improper motive, this Court and others within this Circuit have repeatedly held that a motion for leave is highly disfavored when it is filed after the opposing party has filed a motion for summary judgment. *Prescod*, 2009 U.S. Dist. LEXIS 102305, at *16 ("a court has discretion to deny an amendment if such action was done for an improper purpose . . . Courts highly disfavor motions to amend filed after a summary judgment motion has already been filed.") (citation omitted); *Odyssey Waste*, 2006 U.S. Dist. LEXIS 63861, at **5-6 ("Substantial or undue prejudice has been found and amendment denied '. . . where the motion for leave was brought after summary judgment motions were filed.'") (quoting *Cummings v. City of Philadelphia*, 2004 U.S. Dist. LEXIS 9030, at *11 (E.D. Pa. Apr. 26, 2004)); *Duffy v. Schwab & Co.*, 2001 U.S. Dist. LEXIS 14070, at *9 (D. N.J. Sept. 4, 2001) ("Plaintiffs' tactic to wait until after defendant filed its motion for summary judgment could also require defendant to file additional dispositive motions in connection with the amended complaint. This additional motion practice would place an undue burden on the Court and create further prejudice to the defendants."); *Fatir v. Dowdy*, 2002 U.S. Dist. LEXIS 16480, at *22-23 (D. Del. Sept. 4, 2002) ("Motions to amend which are filed after summary judgment motions have been filed or granted are highly disfavored. . . . These belated attempts at amendment are disfavored with good reason. If parties were allowed to repeatedly amend their complaints, even after summary judgment motions had been filed, not only the opponent, but the courts, would be prejudiced by never ending litigation."); *Ali v.*

*Intertek Testing Servs. Caleb Brett (ITS Caleb Brett)*, 3323 F. Supp. 827, 830 (D. V.I. 2004) ("[T]he timing of Plaintiffs' motion, filed after Defendant's Motion For Summary Judgment has been fully briefed by the parties, weighs against Plaintiff.").

As explained above, plaintiffs waited until after CHL filed its summary judgment motion, and until just days before their response to the summary judgment motion was due, before they filed their motion for leave to amend. As the above-cited cases make clear, the timing of plaintiffs' motion is highly disfavored, and the motion should therefore be denied on that ground as well.

### C.  Plaintiffs' Motion Also Should Be Denied Because Their Proposed Amendment Would Be Futile

Plaintiffs' amendment also would be futile. As explained in CHL's pending summary judgment motion, plaintiffs' claims fail as a matter of law on grounds that are separate and independent of the fact that CHL never held plaintiffs' loan. (CHL S.J. Mem. pp. 7-12). CHL incorporates these arguments from its summary judgment motion as if set forth fully herein. Because these arguments are meritorious, plaintiffs' proposed claims against Countrywide Bank would be subject to dismissal on summary judgment *even if* the Court permitted plaintiffs' proposed amendment. As such, plaintiffs' proposed amendment would be futile, and plaintiffs' motion should be denied on that ground as well.

The TILA claim against Countrywide Bank also would be futile for at least one additional reason. Plaintiff's claim under TILA is for rescission of their loan. (Am. Compl. ¶¶ 16-27). Pursuant to section 1635(f) of TILA, a debtor has a continuing right to rescind a transaction where the creditor violates the disclosure provisions of the statute. This right, however, "*shall expire three years after the date of consummation of*

*the transaction* or upon the sale of the property, whichever occurs first, notwithstanding the fact that the information and forms required under this part have not been delivered to the obligor." 15 U.S.C. § 1635(f) (emphasis added).

Here, plaintiffs entered into the subject loan on June 9, 2006 (Am. Compl. ¶ 10), and did not file their motion for leave to add Countrywide Bank as a defendant until March 29, 2010, which is beyond the three-year period under Section 1635(f). Accordingly, plaintiffs' TILA claim against Countrywide Bank would be barred under Section 1635(f).

Plaintiffs' attempt to invoke the "relation-back" doctrine under Federal Rule of Civil Procedure 15, does not change this result. The Supreme Court has held that the time limitation under Section 1635(f) is an absolute requirement that is *not* subject to tolling for any purpose whatsoever. *Beach v. Ocwen Federal Bank*, 523 U.S. 410 (1998). This Court has applied the holding of *Beach* in numerous cases. *See, e.g., Lavelle v. M&T Mort. Corp.*, No. 05-2144, 2006 WL 2346320, at *2 (E.D. Pa. Aug. 11, 2006) ("While the statute of limitations may be equitably tolled, the limitation of the right to rescind is definitive and finite – section 1635(f) operates as a statute of repose so that the right to rescind unequivocally expires on the date three years after the transaction occurs."); *Ocasio v. Ocwen Loan Servicing, LLC*, 2008 U.S. Dist. LEXIS 56289, at *7 (E.D. Pa. Jul. 23, 2008) ("In *Beach v. Ocwen Federal Bank*, the Court unequivocally determined that the three-year period [under Section 1635(f)] is not a statute of limitations, which refers to the time period for bringing a lawsuit, but is instead a statute of repose, which circumscribes the absolute expiration of the right itself."). *Accord*

*Kemezis v. Matthew*, 2008 U.S. Dist. LEXIS 47330, at **9-10 (E.D. Pa. Jun. 18, 2008); *Morilus v. Countrywide Home Loans, Inc.*, 651 F. Supp. 2d 292, 304 (E.D. Pa. 2008).

In fact, the time bar of section 1635(f) has been held to go to the federal court's subject matter jurisdiction: "When congressionally-created limitations on congressionally-created public rights and benefits completely extinguish the right previously created, courts are deprived of jurisdiction." *Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1165 (9th Cir. 2002).

Given the nature of Section 1635(f), courts have specifically and uniformly held that the relation back doctrine of Federal Rule of Civil Procedure 15(c) may not be invoked to add a party whose TILA rescission claim otherwise would be barred by Section 1635(f)'s three-year period. In *Miguel*, for example, the Ninth Circuit explained:

> Rule 15(c) may not be used to extend federal jurisdiction. The Federal Rules of Civil Procedure may not "abridge, enlarge or modify any substantive right." 28 U.S.C. § 2072(b). *See also USM Corp v. GKN Fasteners Ltd.*, 578 F.2d 21, 22 (1st Cir. 1978) (holding that "Rule 15 is not to be viewed as enlarging or restricting federal jurisdiction. The doctrine of relating back in time to the original pleadings does not affect the jurisdiction of the court here in any manner.") (citation and footnote omitted); Fed. R. Civ. P. 82 ("[The Federal Rules of Civil Procedure] shall not be construed to extend or limit the jurisdiction of the United States district courts. . . .").

309 F.3d at 1165. Other courts, including courts within this Circuit, have reached the same conclusion. *See, e.g., In re: Community Bank of Northern Virginia & Guaranty Bank Second Mortgage Litig.*, 467 F. Supp. 2d 466, 482 (W.D. Pa. 2006) ("Regardless of whether the three year limitation under Section 1635(f) is styled as jurisdictional, or as simply creating a substantive right not subject to tolling, it is clear that, upon the

expiration of three years, the right of rescission is extinguished and cannot be revived through any procedural mechanism," such as Rule 15(c)); *In re Meyer*, 379 B.R. 529, 541 (Bankr. E.D. Pa. 2007) ("Here, the application of Rule 15(c)'s relation back provision to add a defendant would resurrect jurisdiction over an extinguished [TILA rescission] claim. . . . Just so, this Court lacks jurisdiction over Deutsche now that the three-year rescission period has expired. Accordingly, to the extent that the amendment seeks to add Deutsche as a defendant, leave will be denied."); *Harris v. OSI Financial Servs., Inc.*, 595 F. Supp. 2d 885, 898 (N.D. Ill. 2009) ("since the statutory period, enumerated in Section 1635, for borrowers to elect a rescission is a statute of repose, Plaintiffs may not rely on the relation back doctrine or on any other equitable extension."). The identical reasoning requires the Court to reject plaintiffs' relation back argument in the instant case.[2]

---

[2] Notably, the fact that Plaintiffs may have filed a timely action seeking rescission against CHL, the loan servicer, is insufficient. As a matter of law, notice of the exercise of the right to rescind sent to the loan servicer does *not* constitute notice to the actual holder of the loan. The Ninth Circuit dealt with this precise issue in *Miguel*. There, the Ninth Circuit specifically rejected the argument that service of the notice of cancellation upon the loan servicer, Countrywide Funding Corporation ("Countrywide"), was sufficient to provide notice to the loan holder, Bank of New York (the "Bank"): "While the Bank's servicing agent, Countrywide, received notice of cancellation within the relevant three-year period, *no authority supports the proposition that notice to Countrywide should suffice for notice to the Bank. Therefore, her right to cancellation was extinguished as against the Bank.* When congressionally-created public rights and benefits completely extinguish the right previously created, courts are deprived of jurisdiction." 309 F.3d at 1165 (emphasis added).

## IV. CONCLUSION

For the foregoing reasons, the Court should deny plaintiffs' motion for leave to file a second amended complaint, and grant CHL such other relief as the Court deems proper.

/s/ *Martin C. Bryce, Jr.*
Martin C. Bryce, Jr., Esquire
Joel E. Tasca, Esquire
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA  19103-7599
Telephone: 215.864.8238/8188
Facsimile: 215.864.8999
bryce@ballardspahr.com
tasca@ballardspahr.com

*Attorneys for Defendant
Countrywide Home Loans, Inc.*

Dated:  April 8, 2010

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of April, 2010, I have caused a true and correct copy of the foregoing Memorandum of Law of Defendant Countrywide Home Loans, Inc. in Opposition to Plaintiffs' Motion for Leave to File a Second Amended Complaint to be served on the following counsel via ECF, and such documents are available for viewing and downloading from the ECF system:

>Robert P. Cocco, Esquire
>ROBERT P. COCCO, P.C.
>1500 Walnut Street
>Suite 900
>Philadelphia, PA  19103
>rcocco@rcn.com
>
>Matthew B. Weisberg, Esquire
>WEISBERG LAW, P.C.
>7 South Morton Avenue
>Morton, PA  19070
>mweisberg@ppwlaw.com
>
>*Attorneys for Plaintiffs*
>
>Richard J. Weitzman, Esquire
>LAW OFFICES OF RICHARD J. WEITZMAN, P.C.
>3 North Second Street
>Suite 200
>Philadelphia, PA  19106
>rich@rjweitzmanlaw.com
>
>*Attorneys for Defendant*
>*Money Warehouse, Inc.*

/s/ *Joel E. Tasca*
Joel E. Tasca