IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GREG NULMAN and
TATYANNA KNYAZHESKY, :
:
Plaintiffs, :
:
v. :
: CIVIL ACTION NO. 2:09-cv-01503-JF
MONEY WAREHOUSE, INC., :
COUNTRYWIDE BANK, FSB :
:
Defendants. :
:

**ANSWER OF DEFENDANT COUNTRYWIDE BANK, FSB**
**TO SECOND AMENDED COMPLAINT**

Defendant Countrywide Bank, FSB ("Countrywide Bank"),[1] by way of its Answer Plaintiffs' Second Amended Complaint, hereby avers as follows:

1. Denied as a conclusion of law as to which no response is required.

2. Denied as a conclusion of law as to which no response is required.

3. Denied, as Countrywide Bank, after a reasonable investigation, lacks knowledge sufficient to form a belief as to the truth of the allegations.

4. Denied, as Countrywide Bank, after a reasonable investigation, lacks knowledge sufficient to form a belief as to the truth of the allegations.

5. Denied. Countrywide Bank, FSB's address is 6465 South Greenwood Plaza, Suite 200, Centennial, CO 80111.

6. Denied as a conclusion of law as to which no response is required.

---

[1] Countrywide Bank merged with Bank of America, NA on April 27, 2009.

7. Denied, as Countrywide Bank, after a reasonable investigation, lacks knowledge sufficient to form a belief as to the truth of the allegations.

8. Denied, as Countrywide Bank, after a reasonable investigation, lacks knowledge sufficient to form a belief as to the truth of the allegations.

9. Denied, as Countrywide Bank, after a reasonable investigation, lacks knowledge sufficient to form a belief as to the truth of the allegations.

10. Countrywide Bank admits only that Plaintiffs executed loan documents on July 9, 2006 and said documents speak for themselves. The remaining averments of this paragraph are denied.

11. Denied, as Countrywide Bank, after a reasonable investigation, lacks knowledge sufficient to form a belief as to the truth of the allegations.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Countrywide Bank incorporates its responses to the prior paragraphs herein.

17. Denied as a conclusion of law as to which no response is required. To the extent any other response is required, the averments of this paragraph are denied.

18. Denied as a conclusion of law as to which no response is required. To the extent any other response is required, the averments of this paragraph are denied.

19. Denied as a conclusion of law as to which no response is required. To the extent any other response is required, the averments of this paragraph are denied.

20. Denied as a conclusion of law as to which no response is required. To the extent any other response is required, the averments of this paragraph are denied.

21. Denied as a conclusion of law as to which no response is required. To the extent any other response is required, the averments of this paragraph are denied.

22. Denied as a conclusion of law as to which no response is required. To the extent any other response is required, the averments of this paragraph are denied.

23. Denied as a conclusion of law as to which no response is required. To the extent any other response is required, the averments of this paragraph are denied.

24. Denied as a conclusion of law as to which no response is required. To the extent any other response is required, the averments of this paragraph are denied.

25. Denied as a conclusion of law as to which no response is required. To the extent any other response is required, the averments of this paragraph are denied.

26. Denied as a conclusion of law as to which no response is required. To the extent any other response is required, the averments of this paragraph are denied.

27. Denied as a conclusion of law as to which no response is required. To the extent any other response is required, the averments of this paragraph are denied.

28. Countrywide Bank incorporates its responses to the prior paragraphs herein.

29. Denied, as Countrywide Bank, after a reasonable investigation, lacks knowledge sufficient to form a belief as to the truth of the allegations.

30. Denied as a conclusion of law as to which no response is required. To the extent any other response is required, the averments of this paragraph are denied.

31. Denied as a conclusion of law as to which no response is required. To the extent any other response is required, the averments of this paragraph are denied.

32. Denied as a conclusion of law as to which no response is required. To the extent any other response is required, the averments of this paragraph are denied.

33. Denied, as Countrywide Bank, after a reasonable investigation, lacks knowledge sufficient to form a belief as to the truth of the allegations.

34. Denied as a conclusion of law as to which no response is required. To the extent any other response is required, the averments of this paragraph are denied.

35. Denied as a conclusion of law as to which no response is required. To the extent any other response is required, the averments of this paragraph are denied.

36. Denied as a conclusion of law as to which no response is required. To the extent any other response is required, the averments of this paragraph are denied.

37. Denied as a conclusion of law as to which no response is required. To the extent any other response is required, the averments of this paragraph are denied.

38. Denied as a conclusion of law as to which no response is required. To the extent any other response is required, the averments of this paragraph are denied.

39. Denied as a conclusion of law as to which no response is required. To the extent any other response is required, the averments of this paragraph are denied.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' Second Amended Complaint fails to state any claim upon which relief may be granted.

2. Countrywide Bank may not be held liable for any conduct of co-defendant Money Warehouse, Inc. as there was no agency relationship between the two or any other basis for asserting liability.

      3.      Countrywide Bank may not be held liable under the assignee provisions of the Federal Truth-in-Lending Act ("TILA").

      4.      Plaintiffs' claims are barred, in whole or in part, by the Parol Evidence Rule.

      5.      Plaintiffs' claims are barred, in whole or in part, by the Statute of Frauds.

      6.      Plaintiffs' claims are barred, in whole or in part, by applicable statutes of limitations or repose.

      7.      Plaintiffs' claims are preempted, in whole or in part, by federal law including TILA.

      8.      To the extent there was any violation of TILA, Countrywide Bank denying the same, said error was made in good faith.

      9.      Plaintiffs received all of the disclosures required under TILA.

WHEREFORE, Countrywide Bank requests that judgment be entered in its favor and the Court award all other appropriate relief.

## CROSS-CLAIM

Defendant Countrywide Bank by way of its Cross-Claim against Defendant Money Warehouse, Inc. ("MW"), hereby avers as follows:

      1.      MW originated the loan at issue.

      2.      Should the Court find the violation of any statute or law, Countrywide Bank specifically denying the same, said violation would be premised upon the conduct of MW.

      3.      Should Countrywide Bank be found liable, it is entitled to indemnification and/or contribution from MW.

WHEREFORE, Countrywide Bank requests that judgment be entered in its favor and the Court award all other appropriate relief.

/s/ *Joel E. Tasca*
Martin C. Bryce, Jr., Esquire
Joel E. Tasca, Esquire
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA  19103-7599
Telephone: 215.864.8238/8188
Facsimile: 215.864.8999
bryce@ballardspahr.com
tasca@ballardspahr.com

*Attorneys for Defendant*
*Countrywide Bank, FSB*

Dated:  June 8, 2010

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of June, 2010, I have caused a true and correct copy of the foregoing Answer of Defendant Countrywide Bank, FSB to Second Amended Complaint to be served on the following parties and counsel via ECF, and such documents are available for viewing and downloading from the ECF system:

> Robert P. Cocco, Esquire
> ROBERT P. COCCO, P.C.
> 1500 Walnut Street, Suite 900
> Philadelphia, PA  19102
>
> Matthew B. Weisberg, Esquire
> PROCHNIAK WEISBERG, P.C.
> 7 South Morton Avenue
> Morton, PA  19070
>
> *Attorneys for Plaintiffs*
>
>
> Richard J. Weitzman, Esquire
> LAW OFFICES OF RICHARD J. WEITZMAN, P.C.
> 3 North Second Street
> Suite 200
> Philadelphia, PA  19106
>
> *Attorneys for Defendant*
> *Money Warehouse, Inc.*

/s/ *Joel E. Tasca*
Joel E. Tasca
