```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

GREG NULMAN, *et al.*           :      CIVIL ACTION
                                :
        v.                      :
                                :
MONEY WAREHOUSE INC., *et al.*  :      NO. 09-1503

**MEMORANDUM**

Fullam, Sr. J.                                          March 10, 2011

       The plaintiffs obtained a mortgage on their home from the defendant Money Warehouse, Inc., a "correspondent lender" for defendant Countrywide Bank, FSB. Money Warehouse used Countrywide Bank's automated computer system to determine whether Countrywide would purchase the loan if Money Warehouse made the loan, and the plaintiffs allege that the computer system advised Money Warehouse that Countrywide Bank would purchase only a loan with what the plaintiffs allege were terms unfavorable to them. Countrywide Bank did in fact purchase the plaintiffs' loan after closing. The plaintiffs seek rescission of the loan based on alleged violations of the federal Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 *et seq.*, and Pennsylvania's consumer protection laws. Countrywide Bank has filed a motion for summary judgment.

       The TILA requires the lender to provide "material disclosures" to the borrower, including, as is relevant in this case, notice that "the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of

the information and rescission forms[.]" 15 U.S.C. § 1635(a). If the creditor fails to provide the required notice of the right to rescind or the required disclosures, the debtor's right to rescind "expires" three years after the consummation of the transaction. 15 U.S.C. § 1635(f).

In this case, the plaintiffs signed the loan documents on Friday, June 9, 2006. All parties agree that the notice of right to cancel signed by the plaintiffs at the closing provided that the plaintiffs had until June 12, 2006 to cancel the transaction; because June 11 was a Sunday, this notice gave the plaintiffs only two business days, instead of the required three. Countrywide Bank has produced revised notices that are signed by the plaintiffs with a stamped date of June 16, 2006, giving the plaintiffs until June 20, 2006 to cancel. The plaintiffs admit that their signatures appear on the revised notices but deny that they signed any documents after June 9, 2006. I need not resolve this dispute, because the plaintiffs waited too long to sue Countrywide Bank.

The plaintiffs filed their complaint on April 7, 2009, naming Money Warehouse, Inc. and Countrywide Home Loans, Inc. as defendants; an amended complaint against the same defendants was filed on July 30, 2009. Countrywide Home Loans serviced, but never held, the plaintiffs' loan, and is a separate entity from Countrywide Bank. On March 12, 2010, Countrywide Home Loans filed a motion for summary judgment, and on March 29, 2010, the

2

plaintiffs filed a motion to amend the complaint a second time to name Countrywide Bank as a defendant instead of Countrywide Home Loans. I granted the motion for summary judgment of Countrywide Home Loans and allowed the plaintiffs' amendment. I did not at that time definitively determine whether the complaint against Countrywide Bank could relate back to the commencement of the action.

Countrywide Bank argues that the TILA claim is time-barred because the plaintiffs did not attempt to name Countrywide Bank until March 29, 2010, more than three years after the closing. I agree. The three-year period in 15 U.S.C. § 1635(f) operates as a statute of repose, not a statute of limitations, and is not subject to equitable tolling. <u>Williams v. Wells Fargo Home Mortg., Inc.</u>, No. 10-1493 (3d Cir. Feb. 8, 2011) (unpublished). <u>See also</u> <u>Beach v. Ocwen Fed. Bank</u>, 523 U.S. 410, 417 (1998) (Section 1635(f) "says nothing in terms of bringing an action but instead provides that the 'right of rescission [under the Act] shall expire' at the end of the time period. It talks not of a suit's commencement but of a right's duration, which it addresses in terms so straightforward as to render any limitation on the time for seeking a remedy superfluous." ).

The plaintiffs argue that the second amended complaint relates back to the original complaint pursuant to Federal Rule of Civil Procedure 15(c), and therefore Countrywide Bank was timely sued. Even if the relation-back doctrine can overcome the

3

statute of repose, which I do not find to be the case, it does not help the plaintiffs here. When an amendment seeks to change the named defendant, Rule 15(c)(3) requires that the newly-named party have received notice of the action within the time period provided by Rule 4(m) for service of the summons and complaint. There is no evidence in the record that Countrywide Bank (as opposed to Countrywide Home Loans, the servicer of the account) had notice of the suit within the 120-day period required by Rule 4(m). See Miguel v. Country Funding Corp., 309 F.3d 1161, 1165 (9th Cir. 2002); In re Meyer, 379 B.R. 529, 551 (Bankr. E.D. Pa. 2007). The TILA claim against Countrywide Bank was filed too late.

Countrywide Bank also seeks dismissal of the plaintiffs' claim under Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-2. The plaintiffs acknowledge that their only claim against Countrywide Bank under the Pennsylvania statute is the alleged TILA violation. The alleged violation of the federal statute does not constitute a *per se* violation of the Pennsylvania statute. Garczynski v. Countrywide Home Loans, Inc., 656 F. Supp. 2d 505, 514 (E.D. Pa. 2009) (collecting cases). Instead, the plaintiffs must have evidence (because this is a motion for summary judgment, not a motion to dismiss) that would allow a jury to find that the defendant had engaged in deceptive conduct and caused an ascertainable loss to the plaintiffs. See Lorah v. Suntrust

4

Mortg., Inc., Civil Action No. 08-0703, slip op. (E.D. Pa. Dec. 17, 2010).  The plaintiffs have not made their case, and Countrywide Bank's motion will be granted.

An order will be entered.

BY THE COURT:


/s/ John P. Fullam
John P. Fullam,    Sr. J.